[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant and the plaintiff, whose maiden name was Linda Joan Anderson, intermarried at Martha's Vineyard on June 12, 1992. The court has jurisdiction over the marriage and the parties and there are no minor children issue of this marriage or born to the plaintiff since the date of the marriage. The State of Connecticut has not contributed to the support or maintenance of either of the parties to this action.
The parties appeared before this court on March 23, 2000 and were fully heard and based upon the relevant, admissible and credible evidence presented to the court including the reasonable inferences therefrom, the following constitute the findings of fact and conclusions of law.
This is a marriage of some eight years of duration, the parties having intermarried in 1992. The plaintiff is 47 years old and the defendant is presently 65 years old. At the time of the marriage, he was employed as an executive at United Technologies Corporation and this was a second marriage for each of the parties. It was the desire of the defendant/husband that the plaintiff remain home as a housewife and provide for him and their blended family, his child and her children of former marriages. This plaintiff did for a period of time and eventually returned to work as the children got older.
The plaintiff has an earning capacity and in fact earns approximately $20,000 per year. The defendant has an earning capacity and earns approximately $60,000 per year and it would appear that his rate of increase will exceed hers in the ensuing years.
The plaintiff is in good health and the defendant suffers from CT Page 4185 Non-Hodgkin's Lymphoma which from the evidence presented, or lack thereof, the court concludes is in a state of remission.
The defendant has practiced some degree of domestic violence upon the plaintiff at least on one occasion when he struck her and otherwise has not treated her well.
When he became sick and was hospitalized in recent years she was attentive to his needs, and when her job began to seriously suffer from the time she was spending assisting in his rehabilitation, she contacted the cancer society for some remedial assistance. Apparently the defendant got really upset with this and broke off all relationship with the said society.
The court concludes as the parties agree that the marriage has broken down irretrievably and the causes for the breakdown of the marriage are predominately on the part of the defendant/husband.
Taking into account the statutory criteria provided with consideration by the courts in conjunction with the equitable assignment of property and orders of alimony, this court concludes that with respect to the following, that are considered to be marital assets, the plaintiff is awarded 6000 thereof and the defendant 40%.
Pursuant thereto, the assets are assigned as follows:
Liberty Bank Savings Account: $11,500.00
— $6,900.00 assigned to the plaintiff
Checking Account: $14,000.00
— 60% assigned to the plaintiff — $8,400.00
Smith Barney IRAs totaling $11,600.00:
— 6000 assigned to the plaintiff — $7,000.00 Total: $24,300.00
The court finds that the value of the real estate which presently stands in the name of the plaintiff, which was acquired jointly by the parties with a $30,000.00 contribution from each of them and $10,000.00 borrowed from her parents, which the defendant has subsequently repaid, said real estate has a value of $180,000.00. The existing mortgage of a $106,000.00 results in equity of CT Page 4186 $74,000.00. The defendant's share thereof is $29,600.00.
The court concludes that the residential real estate should be and is transferred or confirmed to remain the property of the wife subject to her obligation to pay to the defendant said $29,600.00. Deducting the $24,300.00 which is her share of the liquid assets, would result in the amount of $5,300.00 being owed by the plaintiff to the defendant. The plaintiff shall hold the defendant harmless from any liability for the existing mortgage on said real estate.
The plaintiff has a college education but has never held employment commensurate with the degree that she holds and it is perhaps is too late to expect her to assume the full employment mantle of a college graduate of her standing. As previously concluded, she has an earning capacity of $20,000.00 per year and perhaps with some additional training over a period of two years she may be able to enhance that. The court orders that the defendant pay to the plaintiff the sum of $10,400.00 as lump sum alimony forthwith and $200.00 per week as periodic alimony for a period of two years from the date of this judgment. Said orders are non-modifiable as to amount or duration. The defendant shall maintain life insurance in the amount of at least $25,000.00 in favor of the plaintiff in order to guarantee payment of said periodic alimony in the event of his death.
The net result of these orders is that deducting the $5,300.00 owed by the plaintiff to the defendant from the sum of $10,400.00 results in a net lump sum alimony payment from the defendant to the plaintiff forthwith in the amount of $5,100.00.
Pursuant to her request, the plaintiff is permitted to resume the use of her maiden name Linda Joan Anderson.
It is so ordered.
HIGGINS, J.